[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE #101
On or about October 5, 1993, the plaintiff, Eric St. George, was involved in an accident with a motor vehicle owned by the defendant, Connecticut Car Rental, and leased and operated by the defendant, Ricky Santiago ("Santiago"). On October 23, 1995, the plaintiff filed a four count complaint against the defendants seeking recovery for injuries allegedly suffered as a result of the motor vehicle accident. In Count Two, the plaintiff alleges that Santiago operated the motor vehicle deliberately or with reckless disregard in violation of General Statutes §§ 14-218a
and 14-222 and that such violations were a substantial factor in causing the plaintiff's injuries.
On December 28, 1995, the defendants filed a motion to strike Count Two of the plaintiff's complaint on the ground that the plaintiff has alleged insufficient facts to support a claim for relief under General Statutes § 14-295. On the same date, in accordance with Practice Book § 155, the CT Page 1401-EE defendants filed a memorandum in support of their motion to strike. On January 18, 1996, the plaintiff filed an objection to the defendants' motion to strike. On the same date, the plaintiff filed a memorandum in support of its objection.
The purpose of a motion to strike "is to test the legal sufficiency of a pleading." RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). For example, the motion to strike "contest[s] the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). See also Practice Book § 152.
In their memorandum in support of their motion to strike, the defendants state that General Statutes § 14-295 permits the trier of fact to award double or treble damages only where a party operates a motor vehicle deliberately or with reckless disregard for others in violation of certain motor vehicle statutes. The defendants argue that because, at common law, a cause of action for recklessness is distinct from a cause of action for negligence, thus requiring the pleading of separate facts supporting each, the plaintiff must allege specific conduct indicating that Santiago operated the motor vehicle deliberately or with reckless disregard. Therefore, the defendants argue that because the plaintiff simply alleges, without supporting facts, that Santiago operated the motor vehicle deliberately or with reckless disregard in violation of General Statutes §§ 14-218a
and 14-222, thus failing to comply with General Statutes §14-295, Count Two of the plaintiff's complaint should be stricken.
In opposition, the plaintiff argues that General Statutes § 14-295, a statutory cause of action for recklessness, "`does not require the same specificity of pleading which is required to support a cause of action predicated on [common-law] recklessness.'" (Memorandum of Law in Support of Plaintiff's Objection to Motion to Strike, p. 2).
General Statutes § 14-295 provides that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless CT Page 1401-FF disregard operated a motor vehicle in violation of section 14-218a,14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
The issue before this court is "what a plaintiff must plead to sufficiently state a claim supporting double or treble damages under Sec. 14-295." Switek v. Fournier, Superior Court, judicial district of Litchfield, Docket No. 0067858 (July 5, 1995, Pickett, J.). The Connecticut Supreme Court and the Appellate Court have not addressed this issue. Moreover, there is a split of authority at the Superior Court level. "One line of decisions holds that a plaintiff must not only plead a statutory violation as set forth in Sec. 14-295, but also facts that would support a claim of reckless conduct at common-law. . . . This line of cases has interpreted Sec. 14-295 to require a plaintiff to plead facts sufficient to inform the defendant of which acts were reckless. Additionally, these courts have held that `[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature.' . . . The other line of decisions holds that a plaintiff need only allege one or more of the specific statutory violations as set forth in Sec. 14-295. According to this view, Section 14-295 `does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness.' . . . Courts following this reasoning have stated that `[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct.'" (Citations omitted.) Id.
This court follows the line of cases holding that in alleging a violation of General Statutes § 14-295, the plaintiff is only required to allege that the defendant violated one or more of the motor vehicle statutes listed in General Statutes §14-295. In the present case, the plaintiff alleges that Santiago operated the motor vehicle deliberately or with reckless in violation of General Statutes §§ 14-218a and 14-222. In addition, as required by the plain language of General Statutes § 14-295, the plaintiff alleges that Santiago's violation was a substantial factor in causing the injuries he allegedly suffered in the motor vehicle accident. Accordingly, the defendant's motion to strike Count Two of the plaintiff's complaint is denied. CT Page 1401-GG
SO ORDERED:
Arthur L. Spada, Judge